**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br>　　　　　　Plaintiff,<br>v.<br>Rene Ortiz,<br>　　　　　　Defendant. | No. CR-25-00153-PHX-DGC<br><br>**ORDER** |

Defendant Rene Ortiz is charged with making threats of violence against former Vice President Kamala Harris and President Donald Trump in violation of 18 U.S.C. §§ 871 and 879. Docs. 14, 36. Defendant has filed a motion to dismiss. Doc. 21. The motion is fully briefed and the Court heard oral argument on April 29, 2025. For reasons stated below, the Court will deny the motion.

**I.    Background.**

On November 5, 2024, Defendant attempted to file a document at the Sandra Day O'Connor U.S. Courthouse in Phoenix, Arizona. The Clerk's Office did not file the document because it included statements threatening the "newly elected POTUS," presumably referring to the President of the United States. On November 25, 2024, Defendant attempted to file similar documents at the Evo A. DeConcini U.S. Courthouse in Tucson, Arizona. *See* Docs. 3 at 9-17, 21 at 2.

On February 4, 2025, the government filed a three-count indictment against Defendant. Doc. 14. Counts 1 and 3 assert violations of 18 U.S.C. § 871(a), which makes

it a crime for a person to knowingly and willfully make, through use of mail or otherwise, a threat of violence against the President of the United States or the Vice President. *Id.* at 1-2. Count 2 asserts a violation of 18 U.S.C. § 879(a), which makes it a crime for person to knowingly and willfully threaten violence against a former President. *Id.* at 2.

Defendant moves to dismiss the indictment, arguing that (1) the charged statements do not constitute "true threats" and are protected speech under the First Amendment, (2) each count impermissibly includes a recklessness mens rea element, (3) the counts fail to state offenses under §§ 871 and 879, and (4) § 871 is unconstitutionally vague. Doc. 21. After oral argument, the government filed a superseding indictment that eliminated the recklessness language. Doc. 36. The parties agree that the superseding indictment moots the mens rea issue and that the Court should rule on the remaining issues raised in the motion to dismiss as applied to the superseding indictment. Doc. 37.

**II.   Legal Standards.**

An indictment must meet the requirements of the Due Process Clause and Rule 7 of the Federal Rules of Criminal Procedure. *United States v. Huping Zhou*, 678 F.3d 1110, 1113 (9th Cir. 2012). Under the Due Process Clause, an indictment "is sufficient if it 'first, contains the elements of the offense charged and fairly informs a defendant of the charge against which he must defend, and, second, enables him to plead an acquittal or conviction in bar of future prosecutions for the same offense.'" *Id.* (quoting *Hamling v. United States*, 418 U.S. 87, 117 (1974)). Under Rule 7, an indictment "must be a plain, concise, and definite written statement of the essential facts constituting the offense charged," and, for each count, cite "the statute, rule, regulation, or other provision of law that the defendant is alleged to have violated." Fed. R. Crim. P. 7(c)(1).

"In determining whether an indictment charges a cognizable offense, [courts] are bound by the four corners of the indictment, must accept the truth of the allegations in the indictment, and cannot consider evidence that does not appear on the face of the indictment." *United States v. Kelly*, 874 F.3d 1037, 1046-47 (9th Cir. 2017) (citations omitted). "An indictment 'should be read in its entirety, construed according to common

sense, and interpreted to include facts which are necessarily implied.'" *United States v. Hinton*, 222 F.3d 664, 672 (9th Cir. 2000) (quoting *United States v. Givens*, 767 F.2d 574, 584 (9th Cir. 1985)).

**III.    Discussion.**

        **A.    Whether the Charged Statements Can Be Construed as True Threats.**

Protecting political speech is a primary objective of the First Amendment. *See Mills v. Alabama*, 384 U.S. 214, 218 (1966). Because "[t]he language of the political arena . . . is often vituperative, abusive, and inexact[,]" the First Amendment protects "political hyperbole" and "crude offensive method[s] of stating a political opposition to the President." *Watts v. United States*, 394 U.S. 705, 708 (1969).

This protection is not absolute. *Virginia v. Black*, 538 U.S. 343, 358 (2003). The Supreme Court has "long recognized that the government may regulate certain categories of expression consistent with the Constitution[,]" such as words "which by their very utterance inflict injury or tend to incite an immediate breach of the peace." *Id.* at 358-59. "True threats of violence are outside the bounds of First Amendment protection and punishable as crimes." *Counterman v. Colorado*, 600 U.S. 66, 69 (2023). True threats are "statements where the speaker means to communicate a serious expression of an intent to commit an act of unlawful violence to a particular individual or group of individuals. The speaker need not actually intend to carry out the threat. Rather, a prohibition on true threats protects individuals from the fear of violence and from the disruption that fear engenders, in addition to protecting people from the possibility that the threatened violence will occur." *Black*, 538 U.S. at 359-60 (cleaned up).

        **1.    Count 1 – 18 U.S.C. § 871 and Vice President Kamala Harris.**

Section 871 criminalizes threats of violence made against the President, the President-elect, or the Vice President. 18 U.S.C. § 871(a). Count 1 alleges that "[o]n or about November 5, 2024, . . . [Defendant] did knowingly and willfully make a threat to take the life of and to inflict bodily harm upon Vice President Kamala Harris with the intent

to communicate a true threat of violence by stating, 'I chose to execute the newly elected POTUS by firing an M-16A2 Service Rifle with a magazine of 6 rounds.'" Doc. 36 at 1.

Defendant argues that Count 1 is defective because it fails to identify how the statement was made. Doc. 21 at 4. But whether a statement constitutes a true threat generally is an issue for the jury to resolve considering all the circumstances, including the manner in which the statement was made. *See United States v. Gordon*, 974 F.2d 1110, 1117 (9th Cir. 1992) ("In determining whether Mr. Gordon's statements constituted 'true threats,' the jury looks at the entire factual context of those statements including: the surrounding events, the listeners' reaction, and whether the words are conditional."); *United States v. Merrill*, 746 F.2d 458, 462 (9th Cir. 1984) ("Whether any given form of written or oral expression constitutes a true threat for [§ 871's] purposes is a question for the trier of fact under all of the circumstances."); *United States v. Day*, No. CR-23-08132-PCT-JJT, 2024 WL 2746985, at *4 (D. Ariz. May 29, 2024) ("The issue of whether a statement is a 'true threat' is a question of fact for the jury, not a question of law for the court. Alleged threats should be considered in light of their entire factual context, including the surrounding events and reaction of the listeners.") (quoting *Planned Parenthood of Columbia/Willamette, Inc. v. Am. Coal. of Life Activists*, 290 F.3d 1058, 1069 (9th Cir. 2002)).

"A few cases may be so clear that they can be resolved as a matter of law[.]" *Merrill*, 746 F.2d at 462-63. But a court "should grant a motion to dismiss an indictment only if the charged language is so facially insufficient that no reasonable jury could find that the language amounted to a true threat." *Day*, 2024 WL 2746985, at *4  (citing *United States v. Zavalidroga*, No. 97-10290, 1998 WL 403361, at *1 (9th Cir. July 7, 1998)); *see Merrill*, 746 F.2d at 463 ("[M]ost cases arising under [§ 871] present widely varying fact patterns that should be left to the trier of fact."); *United States v. Smith*, No. 3:22-CR-00051-MO, 2024 WL 3721692, at *4 (D. Nev. Aug. 8, 2024) ("If it is 'not clear' whether a statement is 'protected expression or a true threat,' it is generally 'appropriate to submit the issue, in

the first instance, to a jury.'") (quoting *United States v. Hanna*, 293 F.3d 1080, 1087 (9th Cir. 2002)).

The Court cannot conclude as a matter of law that the statement charged in Count 1 does not constitute a true threat. The indictment alleges that Defendant expressed his choice to "execute" the victim, specifying the weapon and ammunition he would use. Doc. 36 at 1. The fact that the indictment fails to state precisely how the threat was communicated is not fatally defective. It alleges Defendant knowingly and intentionally made a threat on November 5, 2024, clearly implying that a communication actually occurred that day, and the Court must interpret the indictment to include facts which are necessarily implied. *See Hinton*, 222 F.3d at 672. Moreover, if there is doubt as to whether the facts show a true threat, the question should be submitted to the jury. *See Hanna*, 293 F.3d at 1087 (finding that the case was properly submitted to the jury because "there were material facts in dispute [and] it was not clear that the communications were protected expression or true threats") (cleaned up); *United States v. Weiss*, No. 20-10283, 2021 WL 6116629, at *1 (9th Cir. Dec. 27, 2021) ("It is 'not clear' enough whether Weiss's October 2, 2018 message was a true threat to be resolvable 'as a matter of law.' Therefore, it is 'appropriate to submit the issue, in the first instance, to a jury.'") (quoting *Planned Parenthood*, 290 F.3d at 1070; *Hanna*, 293 F.3d at 1087).[1]

Defendant further contends that the charged statement is not a true threat because it fails to specify when the threatened harm would occur. Doc. 21 at 5. But the prohibition on true threats protects people from the fear of violence and the possibility that the threatened violence might occur. *Black*, 538 U.S. at 360. A threat of violence can instill fear in a victim even when it is not tied to a definite time and place. Indeed, uncertainty as

---

[1] In his reply, Defendant cites *United States v. Lincoln*, 403 F.3d 703 (9th Cir. 2005), for the proposition that "constitutional facts" – such as whether a statement is a true threat – are to be resolved by the court rather than the jury. Doc. 31 at 2. But *Lincoln* involved a bench trial, and the issue on appeal was the district court's denial of the defendant's Rule 29 motion for judgment of acquittal at trial. 403 F.3d at 705-06. It did not address a motion to dismiss a case before a jury trial, as does Defendant's motion.

5

to when a threat may be carried out can compound the fear or disruption in the victim's life. *See id.* (noting the disruption that fear from a threat of violence engenders).

Defendant argues that on November 5, 2024, there was no identifiable "newly elected POTUS" because it was Election Day and dozens of candidates were on the ballot. *Id.* at 5. As noted above, however, if it is not clear whether a statement is protected expression or a true threat, it generally should be submitted to the jury. *Hanna*, 293 F.3d at 1087; *Smith*, 2024 WL 3721692, at *4. On election day, only two candidates – Vice President Kamala Harris and former President Donald Trump – realistically could have become the "newly elected POTUS." *See* Doc. 29 at 8. Count 1 specifically identifies Vice President Harris as the alleged victim. Doc. 36 at 1. Defendant can argue to the jury that his failure to identify her specifically makes his alleged statement too indefinite to constitute a true threat, but the Court cannot conclude as a matter of law that the existence of two possible targets of a death threat means that neither has been truly threatened. *See United States v. Weber*, No. 92-50325, 1993 WL 386709, at *1 (9th Cir. 1993) (explaining that whether the defendant's statements "were equivocal or vague and, as such, could not . . . support a conviction under § 871(a)" was for the jury to determine).[2]

### 2. Count 2 – 18 U.S.C. § 879 and Former President Donald Trump.

Section 879 criminalizes threats of violence against a former President. 18 U.S.C. § 879(a). Count 2 asserts a violation of § 879, alleging that "[o]n November 5, 2024, . . . [Defendant], did knowingly and willfully make a threat to take the life of and to inflict bodily harm upon Former President Donald Trump, with the intent to communicate a true threat of violence by lodging a document in Federal Court which stated, 'I chose to execute the newly elected POTUS by firing an M-16A2 Service Rifle with a magazine of 6 rounds.'" Doc. 36 at 2.

---

[2] The Court notes that the document Defendant allegedly sought to file makes clear that the "newly elected POTUS" would be "either . . . K.D. Harris or D.J. Trump." Doc. 3 at 10. Because the document is not made part of the indictment, however, the Court has not relied on it in ruling on the motion to dismiss. *See Kelly*, 874 F.3d at 1047.

Defendant argues that § 879 applies only to threats against a former President and the threat alleged in Count 2 was not against a former President, but against the "newly elected POTUS." Doc. 36 at 2. As just noted, however, one of the two primary candidates for the presidency was Donald Trump, who was a former President. Thus, one of the two possible targets of the Count 2 threat was protected by § 879. And as already explained, the Court cannot conclude as a matter of law that the existence of two possible targets of a death threat means that neither has been truly threatened. If the jury finds both were threatened by Defendant's statement at issue in Count 2, then a former President was threatened and § 879 applies.

### 3. Count 3 – 18 U.S.C. § 871 and President-Elect Donald Trump.

Count 3 asserts a violation of § 871, alleging that "[o]n or about November 25, 2024 . . . [Defendant] did knowingly and willfully make a threat to take the life of, and to inflict bodily harm upon President-Elect Donald Trump, with the intent to communicate a true threat of violence by lodging a document in Federal Court which stated, '[Defendant] will be entitled to shot the incoming fraudulent elected POTUS from 300 or 666 yards away with 666 rounds for an M-16A2 service rifle at the inauguration on Jan 20, 2025.'" Doc. 36 at 2.

Defendant claims that the statement charged in Count 3 is not a true threat because the words "will be entitled" suggest any threat was conditional. Doc. 21 at 6. "While the conditional nature of a statement may be a factor in determining whether it constitutes a true threat, conditional language is not dispositive." *United States v. Sutcliffe*, 505 F.3d 944, 961 (9th Cir. 2007) (citation omitted). "Indeed, most threats are conditional; they are designed to accomplish something; the threatener hopes that they will accomplish it, so that he won't have to carry out the threats." *Id.*; *see United States v. Weiss*, No. 20-10283, 2021 WL 6116629, at *2 (9th Cir. Dec. 27, 2021) ("Although Weiss's threatening statements in the October 2, 2018 message are conditional, we have recognized that conditional language is not 'dispositive' in finding that speech is not a true threat, as 'most' unprotected threats are conditional.") (quoting *Sutcliffe*, 505 F.3d at 961).

7

Defendant contends that his use of the Court filing process, the number 666, and the words "fraudulent elected" separates the charged statement from a "sincere intention to cause harm[.]" Doc. 21 at 6. But the First Amendment does not "require proof that the defendant intends to *carry out* the threat – that is, actually to inflict the harm that he has threatened. One of the chief evils wrought by a threat is its deleterious and coercive effect on the victim[,] . . . and that effect is not diminished merely because the defendant is bluffing." *United States v. Cassel*, 408 F.3d 622, 627-28 (9th Cir. 2005).[3]

### B. Whether the Indictment States Offenses Under §§ 871 and 879.

#### 1. Counts 1 and 3 – § 871.

Section 871 applies where the defendant "deposits" a threatening document "in the mail" or "otherwise makes" a threat. 18 U.S.C. § 871(a). Because Defendant did not deposit his documents in the mail, his conduct falls under the "otherwise makes" language.

Defendant argues that Counts 1 and 3 fail to state offenses under § 871 because the "otherwise makes" language "cannot be stretched to cover filing a pleading in court[.]" Doc. 21 at 7. But Defendant cites no legal authority suggesting he has a First Amendment right, or a right under the common law "litigation privilege" which he cites, to make true threats in court filings. *See id.* at 7-8. And contrary to Defendant's assertion (*id.* at 7), hand-delivering documents to a court bears some similarity to depositing a document in the mail. *See Hanna*, 293 F.3d at 1082 (noting that the defendant "mailed or hand-delivered the letters to neighbors, businesses and state and local government offices").

Defendant asserts that the "otherwise makes" language must be construed narrowly to avoid chilling conduct protected by the First Amendment. Doc. 21 at 8. But Defendant has not shown that the language should be construed so narrowly as to allow a person to make true threats in court filings. Section 871 already "is remarkably narrow and specific:

---

[3] Defendant argues in his reply that the statements alleged in the indictment use the past tense – "chose" and "shot" – showing that they were not true threats. Doc. 31 at 2-3. Because this argument was raised for the first time in a reply brief, the Court will not consider it. *See United States v. Bunnell*, No. CR-14-00119-PHX-DGC, 2021 WL 212338, at *2 (D. Ariz. Jan. 21, 2021). Defendant can make this argument to the jury.

it only criminalizes knowing and willful threats to kill or physically injure the President of the United States [and successors to the Presidency.]" *Dutcher*, 2015 WL 13333434, at *5.

Defendant makes several arguments that are not entirely clear to the Court. He cites the doctrine of *noscitur a sociis* to argue that the phrase "otherwise makes" should be construed to mean the same thing as the preceding action proscribed in the statute – sending a threat through the mail. Doc. 21 at 7; *see Yates v. United States*, 574 U.S. 528, 543 (2015) ("[W]e rely on the principle of *noscitur a sociis* – a word is known by the company it keeps[.]"). But such a reading would render the phrase "otherwise makes" entirely redundant and superfluous, and courts should construe statutes to avoid such results. *See Ariz. All. for Cmty. Health Ctrs. v. Ariz. Health Care Cost Containment Sys.*, 47 F.4th 992, 999 (9th Cir. 2022) ("Under the canons of statutory interpretation, including the rule against surplusage, . . . courts must 'interpret a statute as a whole, giving effect to each word and making every effort not to interpret a provision in a manner that renders other provisions of the same statute inconsistent, meaningless or superfluous[.]'") (cleaned up). Defendant also appears to argue that the government has some unique interest in threats sent through the U.S. mail – a federally-operated means of communication – that does not exist if the threat it delivered to a federally-operated courthouse. Doc. 21 at 7. But the Court cannot conclude that the statute is predicated on any unique interest in controlling the mails. Protecting the Nation's leaders from serious threats seems an adequate justification for the statute's prohibition. *See Watts*, 394 U.S. at 707. And the government's interest in the use of the courts seems just as great as its interest in the use of the mails. Finally, Defendant suggests that prosecuting him for attempting to file a document in federal court would infringe his First Amendment right to petition for a redress of grievances. *Id.* at 8. But Defendant does not contend that he was actually seeking to invoke the powers of the courts when he made the alleged threats.

### 2.    Count 2 – § 879.

Defendant argues that Count 2 fails to state an offense under § 879 because the alleged conduct is a threat against the President-elect, which § 879 does not cover. Doc. 21

at 8. The Court has rejected this argument above.

### C. Whether § 871 Is Unconstitutionally Vague.

As noted, § 871 criminalizes threats of violence made against the President and Vice President, among others:

> Whoever knowingly and willfully deposits for conveyance in the mail or for a delivery from any post office or by any letter carrier any letter, paper, writing, print, missive, or document containing any threat to take the life of, to kidnap, or to inflict bodily harm upon the President of the United States, the President-elect, the Vice President or other officer next in the order of succession to the office of President of the United States, or the Vice President-elect, or knowingly and willfully otherwise makes any such threat against the President, President-elect, Vice President or other officer next in the order of succession to the office of President, or Vice President-elect, shall be fined under this title or imprisoned not more than five years, or both.

18 U.S.C. § 871(a).

"[T]he void-for-vagueness doctrine requires that a penal statute define the criminal offense with sufficient definiteness that ordinary people can understand what conduct is prohibited and in a manner that does not encourage arbitrary and discriminatory enforcement." *Kolender v. Lawson*, 461 U.S. 352, 357 (1983). Defendant argues that the "otherwise makes" language in § 871 is impermissibly vague because it is subject to arbitrary application, chills speech in violation of the First Amendment, and fails to put a person on notice of what speech is punishable under the law, in violation of due process. Doc. 21 at 9.

"The burden of showing a statute to be unconstitutional is on the challenging party." *United States v. Earnest*, 536 F. Supp. 3d 688, 724 (S.D. Cal. 2021) (citing *N.Y. State Club Ass'n, Inc. v. City of N.Y.*, 487 U.S. 1, 17 (1988)). Other than citing general void-for-vagueness cases, however, Defendant does not provide any authority suggesting that the "otherwise makes" language is unconstitutionally vague. And the Court cannot conclude that it is so imprecise that ordinary persons could not understand what is prohibited. The statute applies to very specific kinds of threats (to take the life of, kidnap, or inflict bodily

harm) against very specific individuals (the President, Vice President, and successors to their offices). It specifies that the threat must be knowing and intentional. And it provides that the threat must be made – in other words, communicated – in some manner. The Court cannot conclude that this prohibition unconstitutionally vague. *See Watts*, 394 U.S. at 707 ("Certainly [§ 871] is constitutional on its face. The Nation undoubtedly has a valid, even an overwhelming, interest in protecting the safety of its Chief Executive and in allowing him to perform his duties without interference from threats of physical violence."); *Dutcher*, 2015 WL 13333434, at *1 (W.D. Wis. Dec. 14, 2015) (noting that "controlling case law establish[es] that a statute criminalizing threats to the life or body of the President of the United States is neither vague nor violative of the First Amendment").[4]

## IV. Conclusion.

An indictment is legally sufficient if it "state[s] the elements of the offense charged with sufficient clarity to apprise a defendant of the charge against which he must defend and to enable him to plead double jeopardy." *Hinton*, 222 F.3d at 672. Each count of the superseding indictment states all the elements of the crime charged, informs Defendant of the nature of the charge, and will allow Defendant to plead any judgment as a bar to future prosecutions for the same conduct. This is sufficient to survive Defendant's motion. *See Dutcher*, 2015 WL 13333434, at *5.

**IT IS ORDERED** that Defendant's motion to dismiss the indictment (Doc. 21) is **denied**.

Dated this 29th day of May, 2025.

*David G. Campbell*
David G. Campbell
Senior United States District Judge

---

[4] Defendant does not explain why he believes § 871 is subject to arbitrary application and he presents no evidence about how it has been applied in other cases. He argues that the statute is vague because the litigation privilege and the patient-psychotherapist privilege ought to shield a person's statements threatening the President (Doc. 21 at 9), but cites no facts or legal authority in support of this assertion.